UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: HSBC TELEPHONE CONVERSATION
RECORDING LITIGATION                                                                    MDL No. 2649


### REVISED ORDER DENYING TRANSFER


**Before the Panel:** Plaintiffs in three Central District of California actions move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. The litigation consists of four actions, listed on Schedule A, that challenge the propriety of HSBC's alleged recording of certain calls with customers who had defaulted on their credit card accounts. Plaintiffs in the Southern District of California action (*Medeiros*), along with the HSBC[1] and Capital One[2] defendants oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary to serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions without doubt share some factual questions. Plaintiffs allege that HSBC contacted class members regarding their accounts and, without their consent, recorded the telephone calls. Plaintiffs bring claims under California's Invasion of Privacy Act, California Penal Code, § 630, *et seq*., on behalf of similar California classes. Recently, however, the parties in the Southern District of California action reached a settlement that has the potential to extinguish the class claims of the plaintiffs in the other actions. This settlement is the subject of a pending motion for preliminary approval in *Medeiros*, and moving plaintiffs are seeking to intervene in that proceeding.

We are not convinced that centralization is necessary to ensure the efficient conduct of these cases. If the settlement in *Medeiros* is preliminarily approved, then moving plaintiffs presumably can raise their objections to the settlement and any other concerns that they may have at a fairness hearing regarding the proposed settlement.[3]

---

[1] HSBC Card Services Inc.; HSBC Technology and Services USA Inc.; and HSBC Card & Retail Services, Inc.

[2] Capital One, N.A., and Capital One Financial Corp.

[3] *See In re DirectBuy, Inc., Mktg. & Sales Practices Litig.*, 682 F. Supp. 2d 1349, 1350 (J.P.M.L. 2010) ("We do not consider the DirectBuy defendants' apparent preference to negotiate with certain plaintiffs' counsel over counsel for other plaintiffs as particularly relevant to our primary statutory inquiry ... if (as some plaintiffs presume) plaintiffs in one or more of the actions reach a

(continued...)

-2-

Aside from the settlement posture of *Medeiros*, other reasons exist to deny centralization in these circumstances. Where only a minimal number of actions are involved, the proponents of centralization bear a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movants have not met that burden. Because the four actions are pending before only two judges in adjacent districts, informal coordination of the actions, if necessary following the review of the putative settlement in *Medeiros*, appears practicable.

To the extent that there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and coordination among the parties and the two involved courts are preferable to formal centralization. *See, e.g.*, *In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[3](...continued)
nationwide settlement with the DirectBuy defendants, plaintiffs in the non-settling actions should reasonably anticipate an opportunity to object to the proposed settlement at any fairness hearing regarding the proposed settlement.").

**IN RE: HSBC TELEPHONE CONVERSATION
RECORDING LITIGATION**　　　　　　　　　　　　　　MDL No. 2649

## SCHEDULE A

<u>Central District of California</u>

LINDGREN v. HSBC CARD & RETAIL SERVICES, INC., ET AL.,
　C.A. No. 2:14‒05615
FANNING, ET AL. v. HSBC CARD SERVICES, INC., ET AL.,
　C.A. No. 8:12‒00885
FANNING, ET AL. v. HSBS CARD SERVICES, INC., ET AL.,
　C.A. No. 8:14‒01300

<u>Southern District of California</u>

MEDEIROS, ET AL. v. HSBC CARD & RETAIL SERVICES, INC.,
　C.A. No. 3:14‒01786